# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFONSO LORENZO BROOKS,

                    Plaintiff,

v.

KEVIN TYLER and CHARLES COPELAND,

                    Defendants.

Case No. 16-CV-1393-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff Alfonso Lorenzo Brooks ("Brooks"), a prisoner, brings this action pursuant to 42 U.S.C. § 1983 against Defendants Kevin Tyler ("Tyler") and Charles Copeland ("Copeland"), correctional officers at Milwaukee County Jail (the "Jail"). Brooks alleges that Tyler and Copeland used excessive force against him, in violation of his constitutional rights, by pushing him to the ground and grabbing his neck in a way that choked him while escorting him to a disciplinary unit in the Jail.

On October 2, 2017, the defendants filed a motion for summary judgment, supported by a brief, declarations, and proposed facts. (Docket #24–#30). Brooks requested an extension of time to file his opposition brief, and the Court granted him an extension. (Docket #31 and #34). On November 13, 2017, Brooks filed a response to the defendants' summary judgment motion. (Docket #35). The defendants did not file a reply, but their time to do so has long since passed. For the reasons explained below, the defendants' motion will be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that [his] case is convincing, [he] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

## 3. RELEVANT FACTS

### 3.1 Plaintiff's Failure to Dispute the Material Facts

The relevant facts are undisputed because Brooks failed to dispute them. In the Court's scheduling order, entered January 23, 2017, Brooks was warned about the requirements for opposing a motion for summary judgment. (Docket #16 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment

submission. In the defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #24). He was provided with additional copies of those Rules along with the defendants' motion. *Id.* at 3–8. In connection with their motion, the defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #26). It contained short, numbered paragraphs concisely stating those facts which the defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

Brooks did not respond to the defendants' statement of facts and did not offer his own proposed statement of facts. In response to the defendants' summary judgment motion, Brooks submitted a two-page document in which he states, without pointing to supporting evidence, that the defendant officers used excessive force against him. (Docket #35). Brooks also states in his response that he cannot dispute the defendants' proposed facts because he has not received documents that he requested from the defense. *Id.* (citing Fed. R. Civ. P. 56(d)). However, Brooks has not given any good reason why is unable to present evidence in his favor or dispute the defendants' proposed facts.

Brooks did file a motion early in the litigation asking the Court to instruct the defendants to "help retrieve any and all documentation" of the incident underlying his complaint, (Docket #20), but the Court denied that motion and instructed Brooks to use the tools of discovery to request information directly from the defendants, (Docket #21). The Court also instructed Brooks to review the litigation guides that it provided with its trial scheduling order for information regarding the discovery process. *Id.* Brooks subsequently filed with the Court a document containing discovery

requests, (Docket #32), and the Clerk's Office responded with a letter again explaining to Brooks that discovery requests must be sent by mail or other means directly to counsel for the defendants, not filed with the Court, (Docket #33). Brooks never filed a motion to compel the defendants to respond to properly-served discovery requests. Although the Court takes seriously its duty to construe liberally the filings of *pro se* litigants, it cannot act as Brooks' lawyer. The Court on several occasions provided Brooks with information about the proper use of the discovery process. It appears Brooks failed to use the discovery process to collect the evidence he wants, but the Court cannot step in to do so for him or further delay the resolution of this case by instructing him, again, on how to collect it himself. Further, Brooks could have filed a declaration swearing to his version of the events underlying his claims, which would not require use of discovery tools, but he failed to do that as well.

Despite being warned of the strictures of the summary judgment procedure, Brooks ignored those rules by failing to properly dispute the defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Thus, the Court will deem the defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 3.2 Relevant Facts

All factual discussion is drawn from the defendants' statement of proposed facts and supporting declarations. (Docket #26–#29). During all times relevant to this suit, Brooks was incarcerated at the Milwaukee

County Jail. Defendants Tyler and Copeland were correctional officers there.

On the morning of July 16, 2016, Tyler, Copeland, and one other officer, who is not a defendant, escorted Brooks from his cell block in the Jail, block 5C, to cell block 4D, which is used to house inmates being disciplined for violating Jail rules. Brooks was being taken to cell block 4D because he had refused to follow orders from staff and had been verbally disrespectful to a lieutenant at the Jail.

During the escort, Brooks became resistive, refusing to walk toward the elevators. Tyler ordered Brooks to stop resisting, but Brooks persisted. The officers stabilized Brooks against the wall, Tyler holding onto Brooks' left arm and Copeland holding onto Brooks' right arm. Again, Tyler ordered Brooks to stop resisting, and Brooks again refused, pushing himself off of the wall. Tyler and Copeland then decentralized Brooks to the floor. Brooks continued to struggle while on the floor. Captain Scott Sobek arrived at the scene and spoke to Brooks, gaining his compliance. Copeland and another officer then assisted Brooks to his feet and Brooks was escorted to cell block 4D.

4. **ANALYSIS**

Brooks raises a claim for excessive force, and because he was a pre-trial detainee at the time of the relevant incident, his claim arises under the Due Process Clause of the Fourteenth Amendment. In the excessive force context, the Due Process Clause, which prohibits all "punishment," affords broader protection than the Eighth Amendment's protection against only punishment that is "cruel and unusual." *See Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996).

The Fourteenth Amendment prohibits the "objectively unreasonable" use of force on a pre-trial detainee. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Objective reasonableness "turns on the facts and circumstances of each particular case," and the court must make this determination "from the perspective of a reasonable officer on the scene." *Id.* The court must also account for the jail officials' need to "preserve internal order and discipline and to maintain institutional security." *Id.* (quotation omitted). Considerations that bear on the reasonableness or unreasonableness of the force used may include, among other things: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

There is no question in this case that the officers' pushing Brooks up against the wall and then to the floor constituted intentional use of force; the defendants do not argue otherwise. But the defendants argue that their use of force was reasonable, and the Court agrees. Brooks disobeyed an order to walk to cell block 4D and actively resisted the defendants' efforts to escort him by refusing to move. At that point, Brooks posed a security risk to the officers and others in the Jail. The defendants used reasonable force to stabilize Brooks against a wall, and then only after Brooks continued to actively resist, the defendants used reasonable force to take Brooks to the floor. There is no evidence that the defendants used more force than necessary to secure Brooks and gain his compliance.

In determining that the record here supports a finding that Tyler and Copeland applied force reasonably, the Court is mindful that "[j]ails are

dangerous places, and it is without rational dispute that security officials are justified in maintaining decorum and discipline among inmates to minimize risks to themselves and other prisoners." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009); *see also Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (holding, in the context of a challenge brought by pre-trial detainees, that "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Even as a pre-trial detainee, Brooks was required to follow the rules designed to maintain security in the Jail, including the orders of his escorting officers. Brooks did no such thing; instead, he chose to actively disobey the defendants' efforts to escort him and then actively resisted their attempts to stabilize him.

The Court finds that the defendants' use of force was reasonable, and therefore Brooks' Fourteenth Amendment claim must fail.[1]

**5. CONCLUSION**

Based on the undisputed facts in the record, the Court is constrained to grant judgment as a matter of law in favor of the defendants and dismiss this action in its entirety.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #24) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

---

[1] Having found no constitutional violation, the Court need not reach the defendants' entreaty for qualified immunity.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge